## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EUROCHEM NORTH AMERICA CORP., a Florida Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1) SOUTHERN STATES COOPERATIVE, INCORPORATED., a Virginia Corporation, )<br>)<br>)<br>)<br>Defendant. ) | Case No. 20-cv-123-CVE-JFJ |

## COMPLAINT

**COMES NOW** Plaintiff, EuroChem North America Corp. ("Plaintiff"), by and through its attorneys of record, and, for its Complaint against Defendant, Southern States Cooperative, Incorporated ("Defendant"), alleges and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a Florida corporation with its principal place of business in Tulsa, Oklahoma.

2. Defendant is a Virginia corporation with its principal place of business in Richmond, Virginia.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The matter in controversy is between citizens of different States and exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) & (3).

## FACTUAL ALLEGATIONS

5.  Plaintiff incorporates paragraphs 1–4 as if fully set forth herein.

6.  On or about July 23, 2018, Ben-trei Fertilizer Company, L.L.C. ("Ben-trei")[1] and Defendant entered into Sales Contract SD3763-18 (the "Contract").

7.  In the Contract, Ben-trei agreed to sell and deliver, and Defendant agreed to purchase and accept, approximately 30,000 tons of granular urea between July 23, 2018 and June 30, 2019. The granular urea was to be delivered via 20 barges during Fall 2018 and Spring 2019.

8.  The Contract identifies Ben-trei as an Oklahoma corporation, requires any notice under the Contract to be provided to Ben-trei at 7304 S. Yale Avenue Tulsa, Oklahoma 74136, and contains a choice of law provision that requires the application of Oklahoma's substantive laws (without regard to Oklahoma's conflict of laws).

9.  During the Contract, Ben-trei sold and delivered, and Defendant purchased and accepted, thousands of tons of granular urea; Ben-trei and Defendant communicated numerous times telephonically and in writing; Ben-trei submitted invoices from its Tulsa office to Defendant; and Defendant remitted payment to Ben-trei in Tulsa.

10. On or about April 29, 2019, Ben-trei delivered 2,040.109 tons of granular urea to Defendant. Ben-trei initially invoiced Defendant for only 1,622.693 tons of granular urea based on the first draft survey that it had received. Ben-trei subsequently learned, however, that the barge had been called back and additional tons had been loaded.

11. Thereafter, Ben-trei received a revised and final survey showing that 2,040.109 tons of granular urea had been loaded on to the barge and delivered to Defendant. Consequently, Ben-

---

[1] Ben-trei is a former subsidiary of Plaintiff that merged into its parent company effective October 1, 2019.

trei issued an invoice to Defendant for the additional 417.416 tons of granular urea in the amount of $123,763.84.

12.     Despite receiving 2,040.109 tons of granular urea, Defendant paid Ben-trei for only 1,622.693 tons of granular urea. Defendant has failed and refused to pay Plaintiff all of the amounts owed pursuant to the Contract, such that there is currently due and owing to Plaintiff the sum of $123,763.84.

## FIRST CAUSE OF ACTION
### Breach of Contract

13.     Plaintiff incorporates paragraphs 1–12 as if fully set forth herein.

14.     There is a valid and enforceable contract between Plaintiff and Defendant, wherein Plaintiff agreed to sell and deliver, and Defendant agreed to purchase and accept, certain quantities of granular urea.

15.     Plaintiff performed its obligations under the Contract and is entitled to payment.

16.     Defendant has breached the Contract by failing to pay all of the amounts owed to Plaintiff within the time required by the Contract.

17.     Defendant's breach has damaged Plaintiff in the amount of $123,763.84.

18.      Plaintiff is entitled to prejudgment interest on the unpaid invoices at the rate of 18% per annum.

19.     Plaintiff is entitled to its attorney's fees pursuant to the terms of the Contract and Title 12, Section 936 of the Oklahoma Statutes.

## SECOND CAUSE OF ACTION
### Quantum Meruit/Unjust Enrichment

20.     Plaintiff incorporates paragraphs 1–19 as if fully set forth herein.

21. In the alternative, if and only if and to the extent that the Court determines that Plaintiff is not entitled to recover any or all of its damages under Count I – BREACH OF CONTRACT, then Plaintiff is entitled to recover under this Count II – QUANTUM MERUIT / UNJUST ENRICHMENT.

22. Plaintiff provided valuable goods to Defendant with a reasonable expectation of being compensated.

23. Defendant knowingly accepted the benefit of the goods provided by Plaintiff and will unfairly benefit therefrom if no compensation is paid to Plaintiff.

24. As a result of Defendant's failure to pay Plaintiff for the goods provided, Plaintiff has been damaged in the amount of $123,763.84.

25. Plaintiff is entitled to its attorney's fees pursuant to Title 12, Section 936 of the Oklahoma Statutes.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Eurochem North America Corp., respectfully requests this Court enter judgment in its favor and against Defendant, Southern States Cooperative, Incorporated, awarding it damages in the amount of $123,763.84, plus pre- and post- judgment interest, costs, and attorney's fees, and all other relief this this Court deems just and equitable.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

s/ Patrick G. Colvin
Patrick G. Colvin, OBA 31519
Morgan T. Smith, OBA 33774
JONES GOTCHER & BOGAN
15 East 5th Street STE 3800
Tulsa, OK 74103-4309
918-581-8200 *telephone*
918-583-1189 *facsimile*
pcolvin@jonesgotcher.com
msmith@jonesgotcher.com
***Attorneys for Plaintiff for Eurochem North American Corp.***